## MATTER OF WEST

### In Deportation Proceedings

### A-14221237

*Decided by Board March 27, 1968*

Respondent, an alien who entered the United States as a temporary visitor upon presentation of a legally obtained visitor's visa, who was subsequently granted section 245 adjustment of status which was rescinded on the ground of ineligibility therefor because based on a marriage to a U.S. citizen which was not valid, is, notwithstanding the requisite familial relationship, ineligible for relief from deportation under section 241(f) of the Immigration and Nationality Act, as amended, since she is deportable solely on a remained longer charge under section 241(a)(2) of the Act and the basis for deportability is unrelated to excludability at entry for fraud or misrepresentation. [*Errico-Scott* v. *Immigration and Naturalization Service*, 385 U.S. 214 (1966), distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C 1251(a)(2)]—Remained longer—visitor.

ON BEHALF OF RESPONDENT:
Robert S. Bixby, Esquire
559 Washington Street
San Francisco, Calif. 94111
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

Stephen M. Suffin
Trial Attorney
(Brief filed)

The Immigration Service appeals from a decision of the special inquiry officer dated September 15, 1967 terminating the above-captioned proceedings pursuant to the provisions of section 241(f) of the Immigration and Nationality Act (8 U.S.C. 1251(f)). A brief in support of the special inquiry officer's decision has been submitted by counsel for the respondent.

The respondent, a native and citizen of Korea, last entered the United States as a visitor at the port of Honolulu, Hawaii on June 14, 1964. She was granted an adjustment of her nonimmigrant status to that of a permanent-resident alien under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) on March 1, 1965.

The adjustment of her status was based on a visa petition filed in her behalf by her citizen husband. Thereafter, in rescission proceedings, the respondent stipulated that she was ineligible for adjustment of status since her marriage to a citizen of the United States was not bona fide and was entered into solely for the purpose of evading the immigration laws. She denied, however, that her marriage was fraudulent and refused to stipulate that she had obtained her adjustment of status through fraud.

The respondent's marriage to Glenn Alan Nunley, her first husband, was annulled on February 24, 1965. She married David West, another United States citizen, on the same day and on November 5, 1965 a citizen child was born of this union. The child lives with the respondent who is now separated from the child's father.

The respondent's permanent resident status was rescinded on December 1, 1966. She was granted until February 11, 1967 within which to depart from the United States. She failed to depart and on May 25, 1967 an order to show cause was issued charging that the respondent was deportable under section 241(a)(2) of the Immigration and Nationality Act in that after admission as a nonimmigrant under section 101(a)(15) of the said Act, she has remained in the United States for a longer time than permitted.

The respondent, during the deportation hearing, moved for a termination of the proceedings on the ground that she was saved from deportation by section 241(f) of the Immigration and Nationality Act (8 U.S.C. 1251(f)). The respondent contends that her case is governed by *Errico-Scott v. Immigration and Naturalization Service*, 385 U.S. 214 (1966). The *Errico-Scott* case involved two aliens who obtained a preferred immigration status by fraud and misrepresentation. The issue before the Supreme Court was whether section 241(f) of the Immigration and Nationality Act saves an alien from deportation who misrepresents his status for the purpose of evading quota restrictions, if he has the necessary familial relationship to a United States citizen or a lawful permanent resident alien. The respondent now has the relationship required by section 241(f), *supra*.[1]

The special inquiry officer concedes in his decision that an alien who fraudulently has her status adjusted to that of a permanent resident under section 245 does not fall literally within the terms of section

---

[1] Section 241(f) of the Act reads as follows: "The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

241(f) because section 241(f) by its terms deals with aliens who are "excludable because they procured visas by fraud." He reasons, however, that in *Errico* and *Scott* the Court said that section 241(f) cannot be applied with "strict literalness" and "even if there were some doubt as to the correct construction of the statute, the doubt should be resolved in favor of the alien." The special inquiry officer notes that if the respondent had obtained a nonquota immigration visa on the basis of a fraudulent marriage and then entered the United States, her case would clearly fall within the ameliorating provisions of section 241 (f). The special inquiry officer also notes that in the case of *Amarante v. Rosenberg*, 326 F. 2d 58, the court stated that when "an alien seeks an adjustment of his status by the Attorney General under section 245, the Attorney General performs the same functions as does a consular officer when an alien is seeking to enter the country and applies for a nonquota visa." The special inquiry officer concludes that, since the situation of an alien who acquires permanent resident status by fraudulently obtaining an immigration visa from a consul is so closely analogous to the alien who acquires permanent resident status under the provisions of section 245, they should be treated alike insofar as section 241(f) is concerned.

Counsel in his brief supports the reasoning of the special inquiry officer in terminating the proceeding. The Service on the other hand maintains that when the respondent's status as a permanent resident alien was rescinded, she reverted to a nonimmigrant illegally in the United States because section 246(a) so provides [2] and the sole basis for her present deportability is as a nonimmigrant who remained longer which has nothing whatsoever to do with excludability for fraud. The Service relies upon our ruling in *Matter of Tsaconas*, Int. Dec. No. 1759, B.I.A., July 27, 1967, which rejected the applicability of section 241(f) where the order of deportation was not based on any charge of fraud and misrepresentation but was simply predicated on the fact that after admission as a nonimmigrant temporary visitor for pleasure, the alien remained for a longer period of time than authorized.

Furthermore, the Service argues that inherent in our decision in *Matter of Alemis*, Int. Dec. No. 1794 (BIA, July 12, 1967) is a rejection of the concept that a section 245 adjustment is to be equated to "entry" or "procurement of visa" within the meaning of section 241(f). *Alemis* arose in rescission proceedings under section 246 of the Act. Our decision noted that the issue before the Supreme Court in *Errico-Scott* (*supra*) was whether section 241(f) saved from deportation

[2] The Service relies on that portion of section 246(a) which reads ". . . the person shall thereupon be subject to all provisions of this Act to the same extent as if adjustment of status had not been made."

liens who misrepresented their status for the purpose of evading quota restrictions whereas the issue in *Alemis* was whether the alien was "eligible" for adjustment of status which he had received and not whether the adjustment had been fraudulently obtained. The Service argues that by statute (section 246(a)) the Attorney General must rescind for *ineligibility*, not fraud, and once the status has been rescinded the alien in such a case reverts to a "remained longer nonimmigrant" and by virtue of this fact section 241(f) relief is not available because fraud is not in issue.

We are mindful of the fact that the Supreme Court in *Errico-Scott* stated that "the fundamental purpose of this legislation (241(f)) was to unite families" and "even if there were some doubt as to the correct construction of the statute, the doubt should be resolved in favor of the alien." There are basic fundamental differences, however, which distinguish *Errico-Scott* from the case before us. Both Errico and Scott "entered" the United States with visas for permanent residence that they had obtained by fraud or misrepresentation. The respondent on the other hand "entered" the United States as a nonimmigrant visitor for pleasure and presented a "temporary visa" which she had lawfully obtained. The respondent's entry as a nonimmigrant visitor, by statutory definition, was not for the purpose of family reunification, because before such a visa may issue, the alien must establish to the satisfaction of the consular officer that he has a residence in a foreign country which he has no intention of abandoning and that he is visiting the United States temporarily for business or pleasure (section 101(a) (15)(B)). Furthermore, there is no need for a waiver comparable to section 241(f) in the case of a nonimmigrant visitor because section 212(d)(3) permits the granting of discretionary waivers to aliens excludable under section 212(a)(19).

Section 241(f) by its very terms applies to aliens who were excludable at the time of their entry by reason of some fraud or misrepresentation by which they effected their entry. The respondent now finds herself subject to deportation not because of a fraudulent entry but because she has remained in the United States longer than the immigration laws permit. Her status as a permanent resident alien was rescinded, not for fraud in the procurement of entry documents, but for the reason that she was not "eligible" to obtain the immediate issue of an immigration visa because there was no valid marriage to a United States citizen on which to predicate a petition for nonquota status. When her status as a permanent resident alien was rescinded, she reverted to a nonimmigrant in the United States illegally, a mandatory requirement under section 246(a) of the Act. This is the sole basis for her deportability, and it has nothing whatsoever to do with exclud-

686

ability for fraud. The cases of *Errico-Scott* are clearly distinguishable from the case before us. Cf., *Ferrante* v. *Immigration and Naturalization Service*, Nos. 16658-17854 (C.A. 6, February 7, 1968). We conclude on the basis of the foregoing that section 241 (f) of the Immigration and Nationality Act has no application to the respondent's case.

The respondent is the parent of a minor citizen child. She is now the sole support of this child, as she is separated from the child's father. The Service has no objection to a remand of the case to the special inquiry officer to afford the alien an opportunity to make application for discretionary relief and for a full exploration of the possibilities for adjustment and relief. An appropriate order will be entered.

**ORDER:** It is ordered that the decision of the special inquiry officer terminating the above-captioned proceeding be and the same is hereby set aside.

*It is further ordered* that these proceedings be remanded to the special inquiry officer for the purposes set forth above.